# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 15-1298V**
**Filed: March 21, 2016**
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| NANCY BURTIS, | * | |
| | * | |
| Petitioner, | * | Damages Decision Based on Proffer; |
| v. | * | Influenza or Flu Vaccine; Shoulder |
| | * | Injury Related to Vaccine Administration |
| SECRETARY OF HEALTH | * | ("SIRVA"); Special Processing Unit |
| AND HUMAN SERVICES, | * | ("SPU") |
| | * | |
| Respondent. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * *

<u>Maximillian Muller</u>, Muller Brazil LLP, Dresher, PA, for petitioner.
<u>Julia McInerny</u>, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On November 2, 2015, Nancy Burtis ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, <u>et seq.</u>,[2] [the "Vaccine Act" or "Program"].  Petitioner alleges that she suffered a shoulder injury caused in fact by the influenza vaccination she received on October 16, 2014.  Petition, at ¶¶ 3-4.

On February 3, 2016, the undersigned issued a ruling on entitlement finding petitioner entitled to compensation for her shoulder injury related to vaccine administration ("SIRVA").  On March 21, 2016, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded $128,489.80.  Proffer at 1.  In the Proffer, respondent represented that petitioner agrees with the proffered

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

award.  Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, the undersigned awards petitioner **a lump sum payment of $128,489.80 in the form of a check payable to petitioner, Nancy Burtis.**  This amount represents compensation for all damages that would be available under § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

_____
                                        )
NANCY BURTIS,                           )      No. 15-1298
                                        )      ECF
        Petitioner,                     )      Chief Special Master Dorsey
                                        )
    v.                                  )
                                        )
SECRETARY OF HEALTH                     )
AND HUMAN SERVICES,                     )
                                        )
        Respondent.                     )
_____)

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

**I.      Items of Compensation**

        Based upon the evidence of record, respondent proffers that petitioner should be awarded

$128,489.80, which represents all elements of compensation to which petitioner would be

entitled under 42 U.S.C. § 300aa-15(a).[1]  Petitioner agrees.

**II.     Form of the Award**

        The parties recommend that the compensation provided to petitioner should be made

through a lump sum payment of $128,489.80 in the form of a check payable to petitioner.

Petitioner agrees.

                                    Respectfully submitted,

                                    BENJAMIN C. MIZER
                                    Principal Deputy Assistant Attorney General

                                    RUPA BHATTACHARYYA
                                    Director
                                    Torts Branch, Civil Division

_____
[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court
for appropriate relief.  In particular, respondent would oppose any award for future medical
expenses, future lost earnings, and future pain and suffering.

VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division

LINDA S. RENZI
Senior Trial Counsel
Torts Branch, Civil Division

/s/ Julia W. McInerny
JULIA W. MCINERNY
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
DATED:  March 21, 2016                Washington, D.C. 20044-0146
(202) 353-3919